IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT NEVADA LP,<br><br>                     Plaintiff,<br>v.<br><br>CHRISTOPHER MCALARY,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>Case No. 2:23-cv-00594-TS<br><br>Judge Ted Stewart |

This matter comes before the Court on Defendant Christopher McAlary's Motion to Alter or Amend Judgment.[1] For the reasons discussed below, the Court will deny Defendant's Motion.

I. BACKGROUND

This case involves a breach of contract claim related to an equipment lease. Plaintiff, an equipment leasing and finance company, entered into a lease agreement with non-party Cash Cloud, Inc, for bitcoin kiosks. Thereafter, Defendant entered into a personal guaranty in which he agreed to guarantee Cash Cloud's obligations under the lease. Cash Cloud subsequently filed for bankruptcy, failed to make its monthly payment, and defaulted under the terms of the agreement. The Court recounts the subsequent events in its order granting Plaintiff's partial motion for summary judgement. At issue there was Plaintiff's claim for breach of contract and Defendant's claim that Plaintiff breached the lease agreement first, therefore excusing his performance under the guaranty.

---

[1] Docket No. 47.

The Court granted summary judgment in favor of Plaintiff, concluding that Plaintiff did not breach the lease agreement and even if it did, the breach was not material under the terms of the contract.[2] Defendant subsequently filed the present Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).

## II. DISCUSSION

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] Defendant seeks relief based on new evidence and the need to correct clear error.[4] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[5]

Defendant asserts that the Court committed error in concluding that Plaintiff did not breach the Master Lease Agreement when it claimed a security interest in the bitcoin kiosks.[6] Defendant argues that the Court's determination directly contradicts the parties' stated contractual intent and was based on an isolated reading of the Agreement. The Court addressed this argument regarding the parties' intent in the previous order.[7] "Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite

---

[2] Docket No. 37.

[3] *Spinelli v. Coherus Biosciences, Inc.*, 167 F 4th 1274, 1285 (10th Cir. 2026) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[4] Docket No. 50, at 2 n.1.

[5] *Mazzetti v. Powell*, No. 1:20-CV-105 BSJ, 2022 WL 671207, at *1 (D. Utah Mar. 7, 2022) (internal quotation marks and citation omitted).

[6] Docket No. 47, at 3.

[7] *See* Docket No. 37, at 9–11; Docket No. 36, at 3–5.

at the apple."[8] Defendant does not demonstrate a valid ground for reconsideration of the Court's prior determination and the Court will deny the Motion on this basis.

Even if Defendant demonstrated clear error as to the Court's breach determination, he fails to demonstrate that the Court committed clear error in its determination that any breach was immaterial. Again, Defendant's arguments revisit issues[9] "that have already been addressed in the initial briefing" and are contrary to the purpose of a motion to reconsider under Rule 59(e).[10] Defendant fails to demonstrate a valid ground for reconsideration of the Court's prior determination concerning materiality. Accordingly, the Court will deny the Motion on this basis.

Next, for evidence to be considered "new," "the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, [the] movant made a diligent yet unsuccessful attempt to discover the evidence."[11] Here, Defendant's purported new evidence is an Answer that was filed in the bankruptcy case on March 4, 2025,[12] while the summary judgment motions were pending. The Court ruled on the motions on May 28, 2025.[13] From Defendant's Reply, it appears that he was aware of the Answer before the summary judgment order and did not bring it to the Court's attention when it

---

[8] *Ohio Cas. Ins. Co. v. Cloud Nine, LLC*, No. 1:05-cv-88 TC, 2007 WL 45823, at *1 (D. Utah Jan. 4, 2007) (collecting cases).

[9] Docket No. 37, at 9–11; Docket No. 36, at 9–11.

[10] *Hark'n Techs., Inc. v. Orange Whip Fitness X, LLC*, No. 1:21-cv-00054-CMR, 2025 WL 1027527, at *1 (D. Utah Apr. 7, 2025) (internal quotation marks and citation omitted); *see Van Skiver v. United States*, 952 F.2d 1241, 1242–44 (10th Cir. 1991); *Servants of Paraclete*, 204 F.3d at 1012 (stating that a Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

[11] *Roberts v. Am. Med. Sec., Inc.*, No. 09-CV-356-GFK-TLW, 2012 WL 5305096, at *3 (N.D. Okla. Oct. 25, 2012) (citing *Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1102 (10th Cir. 2006)).

[12] Docket No. 47, at 13–16.

[13] Docket No. 37.

was discovered.[14] Defendant could have brought it to the Court via a motion to supplement the record or by asking the Court to take judicial notice of the bankruptcy proceeding at the time of the filing. Defendant does not demonstrate that the evidence is newly discovered and therefore fails to demonstrate a valid ground for reconsideration.

Even if the Court concluded that the Answer in the bankruptcy case was newly discovered evidence, the Court cannot conclude that it would change the analysis regarding breach. The Answer states that Plaintiff held a properly perfected security interest against the property of Cash Cloud's estate.[15] The Court already considered this type of representation by Plaintiff in its determination in the prior order.[16]

Finally, Defendant asserts that his performance was excused by frustration of purpose.[17] He did not assert this affirmative defense in his original briefing. "[A]dvancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is . . . inappropriate."[18] Accordingly, the Court will not consider this argument and will deny the Motion in its entirety.

---

[14] Docket No. 50, at 2–3.

[15] Docket No. 47, at 16.

[16] Docket No. 37, at 10–11.

[17] Docket No. 47, at 9.

[18] *Van Skiver*, 952 F.2d at 1243 (internal quotation marks and citation omitted).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Alter or Amend Judgment (Docket No. 47) is

DENIED.

DATED March 25, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge